Opinion issued November 4, 2004








                                              

In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00697-CR




BENJAMIN OTERO JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, TexasTrial Court Cause No. 919980




MEMORANDUM OPINION

          A jury convicted appellant, Benjamin Otero Jr., of murder and assessed
punishment at 20 years in prison. See Tex. Pen. Code Ann. §§ 19.02(b)(1), (2)
(Vernon 2003). The trial court entered an affirmative deadly-weapon finding. We
determine whether legally sufficient evidence showed that appellant used his hands
as deadly weapons. We affirm.
          In his sole issue, appellant contends that the evidence was legally insufficient
both to support the deadly-weapon affirmative finding and, for the same reason, to
convict him of murder as alleged in the indictment.



          A deadly weapon is anything that, in the manner of its use or intended use, is
capable of causing death or serious bodily injury. Tex. Pen. Code Ann. §
1.07(17)(B) (Vernon 2003). A person’s hands are not deadly weapons per se, but
they can become deadly weapons in the manner of their use. See Turner v. State, 664
S.W.2d 86, 90 (Tex. Crim. App. 1983); see also Ray v. State, 266 S.W.2d 124, 128
(Tex. Crim. App. 1954), overruled on other grounds by Burns v. State, 388 S.W.2d
690, 697 (Tex. Crim. App. 1965).



          In a legal-sufficiency review, we view the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). The jury charge tracked the indictment, which alleged that
appellant either intentionally or knowingly caused the complainant’s death by striking
her with a deadly weapon, his hand, or that he “intended to cause serious bodily
injury . . . and did cause the complainant’s death . . . by intentionally and knowingly
committing an act clearly dangerous to human life,” which again was striking her
with a deadly weapon, his hand. See Tex. Pen. Code Ann. §§ 19.02(b)(1), (2).
          Appellant argues that the evidence is legally insufficient to show the use of a
deadly weapon because 
[t]here was no testimony at trial regarding any special training, strength,
or special ability possessed by the defendant. No one testified that Mr.
Otero had training in karate, for example, or competitive boxing, or any
other sport or activity that would render his hands particularly or
unusually dangerous.

Appellant also asserts that the only evidence that his hands were deadly weapons
came from the medical examiner who performed the autopsy, in the form of an
affirmative answer to the question of whether a hand or fist “could be considered a
deadly weapon” and could cause “serious bodily injury or death,” without reference
to the specific case. Appellant also argues that it “is hard to reconcile an affirmative
finding that [his] hands are deadly weapons” with the fact that the police did not
restrain appellant’s hands when he was arrested.
          The record does not support appellant’s challenge. The medical examiner did
not testify in the conclusory fashion that appellant claims, but testified in detail as to
the complainant’s specific and numerous injuries,


 testified that those injuries were
consistent with having been caused by a hand or fist and with the complainant’s
having been beaten to death, testified that a hand or fist could be considered a deadly
weapon and that it could cause serious bodily injury or death, and concluded that the
complainant died of blunt-force injuries that caused internal hemorrhaging. The
autopsy photographs and report support the medical examiner’s testimony. This is
the kind of evidence that supports a finding that appellant used his hands as deadly
weapons. See Turner, 664 S.W.2d at 90 & 90 n.5 (indicating that evidence such as
autopsy report, the types of injuries or wounds inflicted by hands or fist, the relative
size of the parties, the manner that the fists or hands were used, and the size and
condition of the hands are types of evidence that may be considered in determining
whether hands or fist were deadly weapons).
          We hold that the evidence was legally sufficient to support the deadly-weapon
affirmative finding and the conviction.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.


                                                                        Tim Taft
                                                                        Justice

Panel Consists of Justices Taft, Jennings, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).